**LOWELL et al. v. THOMPSON.**

(District Court, D. Massachusetts. January 30, 1924, and February 8, 1924.)

No. 1539.

1. **Bankruptcy ☞303(3)—Evidence held to warrant finding that defendant had reasonable cause to believe that bankrupt was insolvent.**

In action by trustee in bankruptcy to recover payments by bankrupt to defendant as preferential, evidence *held* to warrant finding that defendant had reasonable cause to believe, when paid, that the bankrupt was insolvent, and that defendant, by being paid then, would fare better than other creditors of the same class.

2. **Bankruptcy ☞164—Bankrupt's creditor, who waived tort and relied on contractual rights, held preferred creditor; "estate."**

Payee, who was induced to invest in a swindling scheme, taking notes for the principal of his investment plus 50 per cent. interest, but who had reasonable cause to believe that maker was insolvent when he presented

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

notes for payment before maturity and received the full amount, with interest, shortly before maker's bankruptcy, was a preferred creditor as to the full amount received, and was liable therefor to trustee in bankruptcy, since by reliance on his contractual rights under the notes he waived the tort under which the money was originally obtained, and since the amount received by bankrupt therefor became a part of bankrupt's "estate," within the Bankruptcy Act (Comp. St. §§ 9585-9656).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estate.]

3. **Bankruptcy** ☞473—**Costs in test case delayed by plaintiff not awarded to either party on rendition of decree for plaintiff.**

Where suit by trustee in bankruptcy to recover preference was probably a test case, and there was an extraordinary delay in pressing such case and similar cases by representatives of the bankruptcy estate, the court, on rendering a decree for the trustee, will not award costs to either party.

In Equity. Suit by James A. Lowell and others, trustees of Charles Ponzi, against Peter L. Thompson. Decree for plaintiffs.

Hugh D. McLellan, W. F. Thayer, Jr., and Martin Witte, all of Boston, Mass., for plaintiff Cunningham.

F. H. Stevens, of Boston, Mass., for defendant.

ANDERSON, Circuit Judge. This Ponzi preference case is distinguished from Lowell v. Brown (D. C.) 280 Fed. 193, affirmed on appeal (C. C. A.) 284 Fed. 936, in that Thompson's notes were paid in full, principal and 50 per cent. interest; whereas, in the Brown Case, supra, the investors rescinded, receiving back only the exact amount they had paid Ponzi.

In this case counsel have, wisely and efficiently, greatly shortened the trial and reduced the expense by stipulating into this case the pertinent findings and evidence in the transcript of the record in the Brown Case. I refer to it as the old record.

In a long opinion contained in that record, I set forth pretty fully my views, both as to the facts and as to the law applicable to the claims of preferences in these numerous Ponzi cases. It is therefore unnecessary now to repeat those views, or to refer to the authorities relied upon, except to the extent necessary to distinguish the present case.

Thompson, on June 16, 1920, paid Ponzi $1,400, receiving one of the Security Exchange Company's typical notes (old record, p. 10) for $2,100, payable in 90 days. On June 25, 1920, he made another investment of $1,300, receiving a like note for $1,950.

Thompson is a middle-aged man, trained as a mechanic, but now in the automobile repair business for himself. He appears to be a man of rather more than average intelligence. His appearance and evidence before me convince me that he knew, or strongly suspected, that Ponzi's scheme was a fraud. I am not convinced that he really believed that Ponzi was making money through foreign exchange. He regarded the investment as a sort of betting proposition, in which, if early and lucky, he might win.

As early as July 27, 1920 (see old record, p. 112), there were newspaper publications which warned Thompson, and all others in like situ-

ation, that the Ponzi scheme was a fraud, and that any noteholder collecting his note according to its terms would be, not getting back his own money, but getting, at least in part, other people's money.

[1] On all the evidence, I find that not only did Thompson have reasonable cause to believe that Ponzi was insolvent, but he also had reasonable cause to believe, and did believe, that if he collected his notes, including the 50 per cent., he would thus fare better than other creditors of the same class.

Anxious about the situation, Thompson did not wait quite the 45 days, but, on July 30, went to Ponzi's office, presented the note of June 16, and, as he testifies, without any discussion with any one in the office, received a check for $2,100, which he had certified, and then collected. On August 9 he presented, as he testifies, in the same way, his other note, and received and collected a check for $1,950.

[2] On all the evidence, I find that by this course he waived the tort under which his money was originally obtained, and relied upon his contractual rights under the notes.

It follows, I think and rule, that Thompson must be held a preferred creditor as to all the money so received. As set forth in my earlier opinion (280 Fed. 193), I regard all the moneys that Ponzi received from his victims as charged with a trust ex maleficio. But when such victims have elected to treat their investments as grounded on contracts, then the aggregate of the amount so treated would become Ponzi's money, and constitute an "estate," within the meaning of that word as used in the Bankruptcy Act (Comp. St. §§ 9585–9656). See Hewitt v. Hayes, 205 Mass. 356, 364, 91 N. E. 332, 137 Am. St. Rep. 448.

That there was a substantial estate of this kind appears from the findings in the earlier case, where it is set forth (old record, p. 20) that there were "victims who subsequently filed claims in bankruptcy for about $4,000,000, thus electing to treat themselves as creditors ab initio rather than as cestuis que trust."

Defendant contends that, even if held a preferred creditor as to the 50 per cent., he ought to be permitted to retain the amounts of his deposits. I see no ground upon which that contention can be sustained. It seems to me that he elected to be treated as a creditor, both as to principal and interest. If he was a creditor, and if the Bankruptcy Act is properly applied to the liquidation of the accumulations of a fraud worker, I think and hold that he must, under the conditions which obtained in this case, be treated as a preferred creditor as to the entire amount collected by him.

There must be a decree for the plaintiffs for the entire amounts paid Thompson.

### Addendum.

[3] I think the decree should be without costs to either party. There is some expectation that this may be a test case. If it is, the defendant may incur some expense for the general benefit of the estate, or for others in like situation. Moreover, by reason of death, resignation, and other misfortunes, as distinguished from fault, there has been extraordinary delay in pressing these cases by representatives of the bankruptcy estate.